*411 opimos.
Morans
The first allegation of error urged by the petitioner relates to the respondent’s disallowance of a loss claimed by the petitioner in the computation of net income for 1920 growing out of the sale of real property in that year. The ground upon' which the respondent disallowed the loss claimed is that it was sustained through the purchase and sale of property bought and used for residential purposes and not primarily for profit.
The uncontradicted evidence in support of the petitioner’s contention shows that he acquired the property in question not with the intention of establishing his home thereon but for the purpose of ultimate resale at a profit; that he never at any time used the property as a country home or residence except as he found it necessary to remain on the premises in order to supervise and direct the work of improvements in progress; that he spent his summers, with the exception of 1912, in Ireland with his father; that during all of these years he maintained a home in New York City; that immediately upon the purchase of-the property he listed it with brokers for sale, refusing to rent only because he wished to have the property free and clear at ah times in the event of a possible sale.
We are, therefore, of the opinion that this property was not purchased for the petitioner’s country home or residence as contended by the respondent, but for the purpose of resale at a profit, as contemplated in section 214 of the Revenue Act of 1918, and that the petitioner is entitled to the loss sustained on the sale in 1920. As the original cost of the property, namely $127,500, plus the capital expenditures of $33,000 to March 1,1913, was less than the fair market value on that date, the cost should be used in computing the amount of the loss. To the cost of $160,500 should be added the capital expenditure of $9,500 subsequent to March 1, 1913. Allowable depreciation on the buildings from March 1, 1913, to the date of sale should also be taken into consideration in determining the amount of the loss. W. B. Brooks, 12 B. T. A. 31. Of the total cost of improvements of $42,500, $17,500 is allocable to the buildings.
The second allegation of error herein relates to the respondent’s disallowance of deductions claimed by the petitioner in 1920 and 1921 of legal expenses paid by the petitioner in those years. The respondent contends that these expenses are of a personal nature, not incurred in the conduct of a trade or business and, therefore, not deductible in the computation of net income.
The evidence shows that the petitioner instituted action against his father for moneys advanced by him for his father while acting in *412 the capacity of agent and attorney in fact; that a counter claim was interposed by his father for a general accounting of the petitioner’s agency and to compel the reconveyance of certain warehouse properties held by the petitioner as security for those advances. The matter having been litigated through the courts of the State, the petitioner succeeded in his action in nearly every particular. The evidence further discloses that petitioner and his father maintained a joint safe-deposit box wherein their several securities were lodged, including certain Westinghouse and Wabash stocks belonging to the petitioner, which were taken therefrom through error and delivered to his father; that he instituted actions against his father which resulted in the return of the Westinghouse stock and in the recovery of the value of the Wabash stock which was credited to the petitioner in the accounting action above referred to; that the legal fees here in controversy were paid in the institution of those actions and in the defense of counter claims growing out of them. We are of the opinion that the sums of $13,397.10 and $0,074.64 disbursed in 1920 and 1921, iespectively, for legal expenses, are expenses paid during the taxable year in carrying on the trade or business of the petitioner, within the meaning of section 214 of the Revenue Acts of 1918 and 1921, and that those amounts should be deducted in the computation of net income for those years.

Judgment will he entered under Bule 60.